# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# Tallahassee DIVISION

SAWAND PALMER,

    Plaintiff,

vs.                                Case No. 4:11cv73-RH/WCS

LEE I. PETERS, JR., et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    This case was initiated in this Court on February 22, 2011.  Docs. 1, 2.  Plaintiff is *pro se* in this case, but is a licensed attorney.  In reviewing this case, there are several inconsistencies that should be addressed.  Plaintiff filed a motion to proceed *in forma pauperis*, doc. 2, providing a Tallahassee, Florida, address.  Doc. 2, p. 2.  Plaintiff states she is not currently employed, does not own any real property, and owes monthly rent of $700, and receives $275 weekly.  Doc. 2.  There is no indication as to how or from where the weekly funds are received by Plaintiff.  *Id.*, at 3.  Ruling should be deferred on the *in forma pauperis* motion.

Additional problems are evident in the complaint, doc. 1.  Plaintiff provides two address where she can receive mail.  One is the Tallahassee address provided in the *in forma pauperis* motion and the second is 103 Luke Street in Nashville, Georgia.  Doc. 1, ¶ 9.  However, in the signature block at the end of the complaint, Plaintiff provides an address of 103 E. Adair Street, Post Office Box 1933, in Valdosta, Georgia.  Submitted with the complaint was a summons for service on the Defendants, and within that document Plaintiff provides an address of *104* East Adair Street in Valdosta.  One address must be consistently used for Plaintiff so that mail timely reaches Plaintiff.  The address listed for Plaintiff on this Court's docket is the address Plaintiff provided in the signature line at the end of the complaint and it is hoped that this report and recommendation reaches Plaintiff.

Finally, Plaintiff signed the complaint by providing "Georgia Bar No. 056668." That number, however, is Plaintiff's Florida Bar number.

All of the above problems should be corrected by Plaintiff.  At any event, this case cannot proceed in this Court because the two named Defendants are public defenders from the Third Judicial Circuit for the State of Florida, and Plaintiff provides addresses for them in Lake City, Florida.  Even though, as a general rule, public defenders cannot be sued for acts taken in that capacity, Lake City is located within Columbia County, and the proper venue for this action in the Middle District of Florida, Jacksonville Division.  28 U.S.C. § 1391(b); 28 U.S.C. § 89(b).  This case should be transferred there for further proceedings, including review of the *in forma pauperis* motion.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Court may also raise the issue of defective venue *sua sponte*.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), i respectfully **RECOMMEND** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 28, 2011.


 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**